**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **JAMES D. ABNEY**<br>c/o Murphy, Falcon &Murphy<br>One South Street, 30th Floor<br>Baltimore, Maryland  21202<br><br>and<br><br>**BENJAMIN ACUNA**<br>c/o Murphy, Falcon &Murphy<br>One South Street, 30th Floor<br>Baltimore, Maryland  21202<br><br>and<br><br>**GONZALO ERICK AGUILAR-VARGAS**<br>c/o Murphy, Falcon &Murphy<br>One South Street, 30th Floor<br>Baltimore, Maryland  21202<br><br>and<br><br>**ANDRE LAMONT BAILEY**<br>c/o Murphy, Falcon &Murphy<br>One South Street, 30th Floor<br>Baltimore, Maryland  21202<br><br>and<br><br>**WENDELL D. BALL**<br>c/o Murphy, Falcon &Murphy<br>One South Street, 30th Floor<br>Baltimore, Maryland  21202<br><br>and<br><br>**BRANDON BANKS**<br>c/o Murphy, Falcon &Murphy<br>One South Street, 30th Floor<br>Baltimore, Maryland  21202<br><br>and | **Civil Action No.** _____<br>**Judge** _____ |

**DAKOTA WAYNE BARKER**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**JORGE LUIS BENITEZ-FLORES**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**ALLEN DWAYNE BERRY**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**DARRYL L. BLACK**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**DEANDRE BLAKELY**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**JUSTIN BRANHAM**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**JOHANN BRITO**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**ROMAN L. BROWN**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**RANDALL JOE BROWN**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**SEAN BROWN**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**ANTOINE BYRD**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**JEREMIAH EUGENE CALDWELL**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**RICHARD TIMOTHY CARROLL**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

3

**JALEN T. CHAPMAN**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**CAREY CHAPPEL**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**JONATHAN CHOATE**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**FREDERICK CLOUD**
**a/k/a FRED CLOUD**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**WILLIAM COLE**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**ANDRA CROWDER**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**RANDALL S. CROWDER**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

4

and

**ROBERT M. CULBERTSON**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**JOSEPH A. DANIELS**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**STEVEN B. DAVIS**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**MARQUWELL LAMAR DUNCAN**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**SEAN PATRICK FARRELLY**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**ALVIN LEMUELL FEWELL**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

5

**TYRELL FRIESON**
**a/k/a TYRELL FRIERSON**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**DARIEN E. FULTON**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**DAVID FULTZ**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**MAXIMILIANO CRECENCI GABRIEL-QUERIAPA**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**JUSTIN H. GAINES**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**BRONSON JERMAINE GAINEY**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**ERNESTO GODINEZ**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

6

and

**ARTHUR B. GODSON**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**FERMIN GOMEZ-JIMINEZ**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**ERIC GREEN**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**RONDELL HACKETT**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**SHAWN HADDEN**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**SHERMAINE MAURICE HAMMOND**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**JOSHUA LAMAR HARDY**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**HERBERT CLIFTON HECTOR**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**DARREN HENSLEY**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**CARLTON HOLDEN**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**KALEB RAY-QUAN HOLMES**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**DEVONTAE D. HORTON**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**GERALD HUGGINS**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**LARRY SCOTT HUMPHREYS**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**DELTON JEFFREY HUNT**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**LAMONT HUNTER**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**BRANDON M. JACKSON**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**HOWARD KEITH JACKSON**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**JAYSEAN NAMIR JACKSON**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**DAVID C. JOHNSON**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**ZAKEE JOHNSON**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**DAVID ALLEN JONES**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**DEVIN M. JONES**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**JONATHAN DYNELL JONES**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**MORRIS JONES**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**RICHARD ANTHONY JONES**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**RICKY JONES**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**TOBY JONES**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**TROY KELLY**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**ROBERT LAW**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**ERIC BERNARD LOWERY**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**ROBERT McCAMURY**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

11

**EDWARD LEE McDOWELL**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**DEMETRIUS L. McKINNEY**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**CORY McNEAL**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**JOSE MEIJA**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**MONTEZ MENIFEE**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**BRYANT MINOR**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**DERON MITCHELL**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

12

and

**BILAL I. MUHAMMAD**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**JASON D. OVERLY**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**HAROLD OWENS**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**LAQUINTON PERRY**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**KEVIN P. PHIPPS**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**JONATHAN BRIAN POYNOR**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

13

**LARRY PRATT**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**ARNULFO RAMIREZ**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**MUJAHID RASHID**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**EMORY EDWARD REED**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**WILBUR REID**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**TREVERRICK ROBINSON**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**JERRAMEY LYNDELL ROPER**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**TOMMY M. SLAUGHTER**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**HENRY MONTARIO SMITH**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**JARRAIL L. SMITH**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**WAYNE SPEAR**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**CHARLES MICHAEL THOMAS**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**MARKELL THOMAS**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**TREVAZ THOMPSON**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**WALTER LAMONT THORNE-PRICE**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**QUINN R. TURNER**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**MATTHEW TYLER**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**DAVID F. VON RIESEN**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**ISAIAH WALKER**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**SHELTON J. WATTERSON**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

16

and

**MARQUIS WATTS**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**RALPH JEFFREY WEATHINGTON**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**CHRISTOPHER LEON WECKMAN**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**ANTHONY J. WHITE**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**ANTHONY WIGGINS**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**LAMONT WILLIAMS**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**HARRY M. WILLIAMS**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**RANDY WILLIAMS**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**DONTE A. WOOD**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

and

**BIJAN WOODLEY**
c/o Murphy, Falcon &Murphy
One South Street, 30th Floor
Baltimore, Maryland  21202

              **Plaintiffs,**

**v.**

**CHRISTOPHER GOMEZ, in his official
capacity as REGIONAL DIRECTOR OF THE
MID-ATLANTIC REGIONAL OFFICE OF
FEDERAL BUREAU OF PRISONS**
Mid-Atlantic Regional Office
302 Sentinel Drive
Annapolis Junction, MD  20701

SERVE ON:

    Named Defendant

    Merrick Garland
    Attorney General of the United States
    U.S. Department of Justice
    950 Pennsylvania Avenue, NW
    Washington, DC 20530-0001

18

Erek L. Barron
United States Attorney
District of Maryland
36 S. Charles Street, 4th Fl.
Baltimore, MD 21201-2692

and

**FEDERAL CORRECTIONAL
INSTITUTION MCDOWELL**
101 Federal Drive
Welch, WV  24801

SERVE ON:

Named Defendant

Merrick Garland
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Erek L. Barron
United States Attorney
District of Maryland
36 S. Charles Street, 4th Fl.
Baltimore, MD 21201-2692

and

**COLETTE S. PETERS, in her official capacity
as DIRECTOR OF FEDERAL BUREAU OF
PRISONS**
Central Office
320 First Street, NW
Washington, DC  20534

SERVE ON:

Named Defendant

Merrick Garland
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Erek L. Barron
United States Attorney
District of Maryland
36 S. Charles Street, 4th Fl.
Baltimore, MD 21201-2692

and

**JOHN DOE PRISON EMPLOYEES 1-50 in their individual and official capacities,**

SERVE ON:

Merrick Garland
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Erek L. Barron
United States Attorney
District of Maryland
36 S. Charles Street, 4th Fl.
Baltimore, MD 21201-2692

**Defendants.**

## COMPLAINT

NOW COME Plaintiffs James D. Abney, Jr., Benjamin Acuna, Gonzalo Erick Aguilar-Vargas, Andre Lamont Bailey, Wendell Ball, Brandon Banks, Dakota Wayne Barker, Jorge Luis Benitez-Flores, Allen Dwayne Berry, Darryl L. Black, Deandre Blakely, Justin Keith Branham, Johann Brito, Roman L. Brown, Sean Brown, Randall J. Brown, Antoine Byrd, Jeremiah Eugene Caldwell, Richard Timothy Carroll, Jalen T. Chapman, Carey G. Chappell, Jonathan Choate, Frederick Cloud a/k/a Fred Cloud, William Louis Cole, Andra L. Crowder, Randall S. Crowder, Robert Culbertson, Joseph Daniels, Steven B. Davis, Marquwell Lamar Duncan, Sean Patrick

Farrelly, Alvin Lemuell Fewell, Tyrell Frieson a/k/a Tyrell Frierson, Darien E. Fulton, David Fultz, Maximiliano Crecenci Gabriel-Queriapa, Justin H. Gaines, Bronson Jermaine Gainey, Ernesto Godinez, Arthur B. Godson, Fermin Gomez-Jiminez, Eric T. Green, Rondell Hackett, Shawn Hadden, Shermaine Maurice Hammond, Joshua Lamar Hardy, Herbert Clifton Hector, Darren Hensley, Carlton Lamar Holden, Kaleb Ray-Quan Holmes, Devontae D. Horton, Gerald Huggins, Larry Scott Humphreys, Delton J. Hunt, Lamont Hunter, Brandon M. Jackson, Howard Keith Jackson, Jaysean Namir Jackson, David C. Johnson, Zakee Johnson, Morris Jones, David Allen Jones, Devin Jones, Jonathan Dynell Jones, Ricky Jones, Richard Anthony Jones, Toby Jones, Troy Kelly, Robert Law, Eric Bernard Lowery, Robert McCamury, Edward Lee McDowell, Demetrius L. Mckinney, Cory McNeal, Jose Meija, Montez Menifee, Bryant Minor, Deron Mitchell, Bilal I. Muhammad, Jason D. Overly, Harold W. Owens, Laquinton Perry, Kevin Phipps, Jonathan Brian Poynor, Larry Pratt, Arnulfo Ramirez, Mujahid Rashid, Emory Edward Reed, Wilbur Reid, Treverrick Robinson, Jerramey Roper, Tommy M. Slaughter, Henry Montario Smith, Jarrail L. Smith, Wayne Spear, Jr., Charles Michael Thomas, Markell Thomas, Trevaz Thompson, Walter Lamont Thorne-Price, Quinn R. Turner, Matthew Tyler, David F. Von Riesen, Isaiah Walker, Shelton J. Watterson, Marquis Watts, Ralph Jeffrey Weathington, Christopher L. Weckman, Anthony J. White, Anthony Wiggins, Lamont Williams, Harry Williams, Randy Williams, Donte A. Wood, and Bijan Woodley, **(collectively referred to as "Plaintiffs")**, by counsel, William H. Murphy, Jr., Andrew K. O'Connell, Ronald Richardson, and the law firm of Murphy, Falcon & Murphy, and Scott S. Segal, C. Edward Amos, II, Jason P. Foster, and The Segal Law Firm, and for their Complaint against Defendants Federal Correctional Institution **("FCI")** McDowell, Federal Bureau of Prisons **(the "BOP")**, Colette S. Peters, in her official capacity as Director of Bureau of the BOP **(the "BOP Director")**, Christopher Gomez, in his

official capacity as Regional Director Of The Mid-Atlantic Regional Office of the BOP **("Regional Director")** and John Doe Prison Employees 1-50 in their individual and official capacities **(the "Prison Employees") (hereinafter, collectively "Defendants")**, state as follows:

### I. The Parties

1.      Plaintiffs, at all times relevant to this civil action, were incarcerated at the federal correctional facility operated by FCI McDowell, located at 101 Federal Drive, Welch, McDowell County, West Virginia **(the "Facility")**.

2.      Defendant FCI McDowell operates the Facility.

3.      Defendant BOP is the agency of the federal government responsible for the operations of federal prisons, including the Facility. The BOP is headquartered at 320 1st Street NW, Washington, DC 20534.

4.      Defendant BOP Director is responsible for the oversight and management of the BOP nationwide, the Facility and its physical plant as well as all those employed at the Facility. The BOP Director also oversees medical facilities operated by the BOP for the care of incarcerated individuals, including those incarcerated at the Facility. The BOP Director performs her official duties at 320 1st Street NW, Washington, DC.

5.      Defendant Regional Director is responsible for the oversight and management of the operations of the BOP located within the Mid-Atlantic region of the United States, including the Facility and its physical plant as well as all of those employed at the Facility. The Regional Director also oversees medical facilities operated by the BOP in the Mid-Atlantic Region for the care of incarcerated individuals, including those incarcerated at the Facility. The Regional Director performs his official duties at 302 Sentinel Drive Annapolis Junction, Maryland  20701.

6.      Defendant John Doe Prison Employees 1-50 were, at all times relevant to this civil action, employees of the BOP and were assigned to the Facility.

## II. Jurisdiction and Venue

7.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1346(b) because Plaintiffs' claims for relief arise under the Eighth Amendment to the U.S. Constitution, the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*. (the "FCTA"), and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1)(A) as Defendant Christopher Gomez, a party to this case in his official capacity, resides in Maryland as well as 28 U.S.C. § 1391(b)(3) as there is no one district where venue is proper for every Defendant.

9.      The Court has personal jurisdiction over Defendant Christopher Gomez because he performs his official duties as the BOP Regional Director at 302 Sentinel Drive, Annapolis Junction, Maryland 20701, which is within jurisdiction of the United States District Court for the District of Maryland.

10.     At all times relevant to this civil action, the Prison Employee Defendants were employed by the BOP, were acting within the scope of their employment and were acting under the color of their authority.

11.     In accordance with 28 U.S.C. § 2675(a), on June 13, 2022, Plaintiffs James D. Abney Jr., Benjamin Acuna, Gonzalo Erick Aguilar-Vargas, Andre Lamont Bailey, Wendell D. Ball III, Dakota Wayne Barker, Jorge Luis Benitez-Flores, Allen Dwayne Berry, Darryl L. Black, Deandre Blakely, Justin Keith Branham, Randal J. Brown, Roman L. Brown, Sean  Brown, Antoine Byrd, Jeremiah Eugene Caldwell, Richard Timothy Carroll, Jalen T. Chapman, Carey G. Chappell, Jonathan Choate, Frederick Cloud a/k/a Fred Cloud, William Louis Cole, Andra L.

Crowder, Randall S. Crowder, Robert Culbertson, Joseph Andrew Daniels, Steven B. Davis, Marquwell Lamar Duncan, Sean Patrick Farrelly, Alvin Lemuell Fewell, Tyrell Frieson a/k/a Tyrell Frierson, Darien E. Fulton, David Fultz, Maximiliano Crecenci Gabriel-Queriapa, Bronson Jermaine Gainey, Ernesto Godinez, Arthur B. Godson, Fermin Gomez-Jimenez, Eric T. Green, Rondell Hackett, Shermaine Maurice Hammond, Joshua Lamar Hardy, Herbert Clifton Hector, Darren Hensley, Carlton Lamar Holden, Kaleb Ray-Quan Holmes, Devontae D. Horton, Gerald Huggins, Larry Scott Humphreys, Delton Jeffrey Hunt, Lamont Hunter, Brandon M. Jackson, Howard Keith Jackson, Jaysean Namir Jackson, David C. Johnson, Zakee Johnson, David Allen Jones, Devin M. Jones, Jonathan Dynell Jones, Morris Jones, Ricky Jones, Toby Jones, Troy Kelly, Robert Law, Eric B. Lowery, Robert McCamury, Edward Lee McDowell, Demetrius L. Mckinney, Cory McNeal, Jose Meija, Montez Menifee, Bryant Minor, Deron Mitchell, Bilal I. Muhammad, Jason D. Overly, Laquinton Perry, Kevin Phipps, Jonathan Brian Poynor, Larry Pratt, Arnulfo Ramirez Jr., Mujahid Rashid, Emory Edward Reed, Wilbur Reid, Treverrick Robinson, Jerramey Lyndell Roper, Tommy M. Slaughter, Henry Montario Smith, Jarrail L. Smith, Wayne Spear Jr., Charles Michael Thomas, Markell  Thomas, Trevaz Thompson, Walter Lamont Thorne-Price, Quinn R. Turner, Matthew Tyler, David F. Von Riesen, Isaiah Walker, Shelton J. Watterson, Marquis Watts, Ralph Jeffrey Weathington, Christopher Leon Weckman, Anthony J. White, Anthony Wiggins, Harry M. Williams, Lamont Williams, Randy Williams, Donte A. Wood, and Bijan Woodley timely filed claims against the BOP, listing damages in the amount of $10,000,000.00 each, which the BOP collectively denied on October 18, 2022.

12.     In accordance with 28 U.S.C. § 2675(a), on September 19, 2022, Plaintiffs Brandon Banks, Johann Brito, Justin H. Gaines, Shawn Hadden, and Harold W. Owens timely filed claims

24

against the BOP, each listing damages in the amount of $10,000,000.00, which the BOP collectively denied on November 2, 2022.

13.     In accordance with 28 U.S.C. § 2675(a), on October 12, 2022, Plaintiff Richard Anthony Jones timely filed a claim against the BOP, listing damages in the amount of $10,000,000.00, which the BOP denied on November 2, 2022.

14.     In accordance with 28 U.S.C. § 2675(a), on June 13, 2022, Plaintiffs Randall S. Crowder, Steven B. Davis, Robert Law, Robert McCamury, Edward Lee McDowell, Demetrius L. Mckinney, Cory McNeal, Jose Meija, Montez Menifee, Bryant Minor, Deron Mitchell, Bilal I. Muhammad, Jason D. Overly, Laquinton Perry, Kevin Phipps, Jonathan Brian Poynor, Larry Pratt, Arnulfo Ramirez Jr., Mujahid Rashid, Emory Edward Reed, Wilbur Reid, Treverrick Robinson, Jerramey Lyndell Roper, Tommy M. Slaughter, Henry Montario Smith, Jarrail L. Smith, and Wayne Spear Jr. timely filed claims against the BOP, each listing damages in the amount of $10,000,000.00, which the BOP neglected to respond to as of this filing.

15.     The failure by the BOP to make a final disposition of the claims filed by Randall S. Crowder, Steven B. Davis, Robert Law, Robert McCamury, Edward Lee McDowell, Demetrius L. Mckinney, Cory McNeal, Jose Meija, Montez Menifee, Bryant Minor, Deron Mitchell, Bilal I. Muhammad, Jason D. Overly, Laquinton Perry, Kevin Phipps, Jonathan Brian Poynor, Larry Pratt, Arnulfo Ramirez Jr., Mujahid Rashid, Emory Edward Reed, Wilbur Reid, Treverrick Robinson, Jerramey Lyndell Roper, Tommy M. Slaughter, Henry Montario Smith, Jarrail L. Smith, and Wayne Spear Jr. within six months after they were filed may, at the option of Plaintiffs, be deemed a final denial of their Claims under the Federal Tort Claims Act. 28 U.S.C. § 2675.

16.     Having exhausted their administrative remedies, Plaintiffs' instant claims are timely and properly filed pursuant to 28 U.S.C. § 2401(b) and 28 U.S.C. § 2675.

25

### III. Allegations Common to All Counts

17.     Defendants are required by both the United States Constitution and federal law to provide federal inmates, such as Plaintiffs, suitable and adequately safe (noncontaminated) housing and medical care.

18.     From about August 8, 2021 until about August 11, 2021, poisonous carbon monoxide gas ("CO") leaked from the piping and/or ducting on a Maxim 3 Water Heater on the fourth level of Housing Unit 3 of the Facility.

19.     The CO release triggered both audible and strobe carbon monoxide alarms in the Facility.

20.     Shortly after the CO leak was detected, employees of FCI McDowell silenced the audible alarms but the strobe alarms remained activated, continuing to alert the Prison Employees to the presence of deadly CO.

21.     Almost immediately after their initial exposure, Plaintiffs exhibited obvious signs of acute CO poisoning including, but not limited to, headache, nausea, vomiting, dizziness, malaise, fatigue, muscle aches, slowed mentation, confusion, incontinence, and loss of consciousness.

22.     Plaintiffs' CO exposure-related symptoms were readily apparent to the Prison Employee Defendants. Plaintiffs reported their respective medical conditions to the Prison Employee Defendants.

23.     In an effort to communicate their dire condition, many inmates, including some Plaintiffs, began kicking their cell doors, pressing their in-cell panic buttons and/or screaming for help.

24.     Only after those employed at the prison began falling ill did the Defendants take action to remove Plaintiffs from the CO contamination.

25.     Plaintiffs were briefly released into the yard, chapel or other parts of the Facility before being returned to their cells.

26.     Upon information and belief, numerous security cameras captured both Plaintiffs' initial CO exposure in their respective cells and the manifestation of Plaintiffs' CO exposure-related symptoms.

27.     Between August 16, 2021 and September 15, 2021, Plaintiffs' counsel sent five preservation letters to Defendants requesting, among other things, that all audio and video records related to the CO leak be preserved.

28.     Upon information and belief, the Prison Employee Defendants returned Plaintiffs to their respective cells without properly ensuring that the dangerous conditions in the Facility were corrected.

29.     Due to the Prison Employee Defendants' failure to mitigate the hazard created by the CO leak, Plaintiffs' exposure to extremely high levels of CO continued over several days.

30.     Plaintiffs received only a cursory medical evaluation or no evaluation at all and were promptly returned to confinement.

31.     Since their initial exposure, Plaintiffs have received minimal or nonexistent medical treatment and have never been properly medically evaluated.

32.     Plaintiffs' counsel has repeatedly attempted to meet with Plaintiffs but have repeatedly been denied access to the Facility by Defendants.

33.     Lindell K. Weaver, M.D., is medical doctor with decades of experience in evaluating and treating patients who have been exposed to CO. *See* Affidavit of Dr. Lindell K. Weaver, M.D., attached hereto as **Exhibit 1**.

34.     "CO is a gas produced by incomplete combustion. It is colorless, tasteless, and odorless to human senses. The density of carbon monoxide is slightly less than that of air and it distributes rapidly within spaces, such as rooms or apartments." *Id*.

35.     "CO levels are measured in parts per million (PPM), and several governmental agencies have published maximum exposure levels over a given period of time. They include:

- Occupational Safety and Health Administration (OSHA)
– 50 ppm over 8 hour period
- National Institute for Occupational Safety and Health (NIOSH)
– 35 ppm over 8 hour period
- Environmental Protection Agency (EPA)
– 9 ppm over 8 hour period; outdoor
- World Health Organization (WHO)
– 15 ppm over 8 hour period; indoor"

*Id*.

36.     "Symptoms and signs of carbon monoxide poisoning are dependent upon the ambient carbon monoxide level, the duration of exposure, mass of the individual and comorbidities of the exposed person. At lower, non-lethal levels, common symptoms include headache, nausea, vomiting, dizziness, malaise, fatigue, muscle aches, slowed mentation, and confusion. If ambient levels are sufficiently high, incontinence, unconsciousness or death can follow." *Id*.

37.     "Carbon monoxide damages tissue through several mechanisms:

1)      Hypoxia, carbon monoxide binds to iron molecules within hemoglobin interfering with oxygen delivery to tissues. If hypoxia is enough, cellular necrosis can ensue, as well as local inflammation. The hypoxia can also result in high levels of excitatory amino acid neurotransmitters, which damage connected nerve cells.

28

2) Left-ward shift of the oxyhemoglobin dissociation curve, further reducing oxygen availability at the tissue level.

3) Reduction of cellular adenosine triphosphate production, which contributes to cellular energy deprivation, abnormal function and cellular death.

4) Release of myelin basic protein from myelin coating neuronal axons. The myelin basic protein undergoes adduct formation and attracts inflammatory lymphocytes to the area of damage, which destroy and damage nerve cells

5) Inflammation. - Carbon monoxide causes neutrophils to release oxygen radical molecules which can damage cellular membranes and interfere with protein synthesis.

6) Inflammation – Carbon monoxide causes an increase in peroxynitrite, a highly oxidizing substance that damages endothelium.

7) Inflammation – Carbon monoxide poisoning causes acute changes in blood, including alterations of: acute phase reactants, proteins associated with inflammatory responses (chemokines/cytokines and interleukins), growth factors, hormones, and an array of auto-antibodies.

8) Inflammation – Carbon monoxide triggers elevations of microparticles that activate neutrophils which then cause tissue injury.

9) Apoptosis – Carbon monoxide accelerates apoptosis, or premature, programmed cellular death in the hippocampus of the brain.

10) Release of iron into brain tissue - Iron is toxic if not properly sequestered within the body. Its release can cause intense inflammation and brain tissue destruction.”

*Id*.

38. “CO poisoning can result in brain injury, as well as injuries to other organs and tissues. Even patients that have apparent recovery after poisoning can develop problems days, to weeks, months and, even, years later.” *Id*.

39. “Those with brain injury from CO poisoning manifest problems like those with adverse sequelae following other types of brain injury, such as trauma.” *Id*.

40. "Commonly reported symptoms of patients with sequelae following carbon monoxide poisoning include persistent headaches, dizziness, imbalance, sleep disturbances, cognitive impairments, generally in the domains of short-term memory, executive function and speed of processing, impaired decision-making, affective problems, other neurological sequelae and frequently complain of pain. Motor and sensory abnormalities can occur, as well as vestibular dysfunction." *Id*.

41. According to Dr. Weaver:

a. Carbon monoxide (CO) is poisonous.

b. Exposure to CO can cause serious and permanent injury to an individual's brain, heart, lungs, eyes, auditory system, and other body tissue.

c. Individuals with a history of carbon monoxide poisoning need to undergo multidisciplinary medical evaluations following exposure to determine the extent of their injuries and develop a treatment plan.

d. Curative therapy for carbon monoxide-related brain injury and its associated adverse sequelae does not exist.

e. Treatment for CO poisoning should be directed to treat specific symptoms, rehabilitation and helping the patient cope and adapt to their disabilities, which are permanent in nature. Cognitive and vocational rehabilitation can be helpful. Psychotherapy and psychopharmacology approaches can be helpful for the affective problems these patients manifest. Headache management by specialist is important for patients with persistent and often refractory headaches. Visual and balance rehabilitation can be helpful. Sleep disorders are common, and management is important. Patients with cardiac injury need assessment and therapy guided by cardiologists.

f. A failure to appropriately evaluate and treat individuals poisoned by CO will likely result in increased adverse sequela.

*Id*. at pp. 1-2.

## COUNT I – NEGLIGENCE UNDER THE FEDERAL TORT CLAIMS ACT
### (All Defendants in their Official Capacities)

42.     Plaintiffs repeat and re-allege each and every allegation contained in the preceding and subsequent paragraphs of this Complaint as if fully set forth herein:

43.     Under the Eighth Amendment of the U.S. Constitution, Defendants had a duty to ". . . provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and **must 'take reasonable measures to guarantee the safety of the inmates**,' *Hudson v. Palmer*, 468 U.S. 517, 526-527, 82 L. Ed. 2d 393, 104 S. Ct. 3194 (1984)." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (some internal citations omitted).

44.     Pursuant to 18 USCS § 4042(a): "The Bureau of Prisons, under the direction of the Attorney General, shall - . . . (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise; provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States; []." *Id*.

45.     Defendants breached their constitutional and statutory duties by failing to properly maintain and repair the piping and/or ducting on a Maxim 3 Water Heater.

46.     Defendants further breached their constitutional and statutory duties by failing to properly protect and safeguard Plaintiffs from the CO leak in that Defendants were aware of the CO leak but failed to take appropriate actions to minimize Plaintiffs' exposure to the deadly gas.

47.     Despite both audio and strobe alarms, Defendants made the conscious decision to keep Plaintiffs confined in their respective CO contaminated cells instead of evacuating them to a safe environment.

31

48. Defendants also breached their constitutional and statutory duties to Plaintiffs by failing to ensure that Plaintiffs received proper medical treatment and evaluation after their prolonged exposure to dangerous levels of CO.

49. As a result of these failures, Plaintiffs have experienced ongoing and progressive physical and mental injuries.

**COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER THE FEDERAL TORT CLAIMS ACT**
**(All Defendants in their Official Capacities)**

50. Plaintiffs repeat and re-allege each and every allegation contained in the preceding and subsequent paragraphs of this Complaint as if fully set forth herein:

51. In order to meet their constitutional and statutory duties to Plaintiffs, Defendants must ensure that Plaintiffs are safely housed and medically evaluated and that they receive adequate medical treatment.

52. Defendants' decision to silence the audible alarm while Plaintiffs were continuously exposed to dangerous levels of CO, along with Defendants' conscious decision to keep Plaintiffs confined to their respective cells was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency.

53. Defendants acted with the intent to inflict emotional distress and/or acted recklessly when it was certain or substantially certain emotional distress would result from their conduct.

54. Defendants' actions caused Plaintiffs to suffer emotional distress.

55. The emotional distress suffered by Plaintiffs was so severe that no reasonable person could be expected to endure it.

## COUNT III – MEDICAL MONITORING
## UNDER THE FEDERAL TORT CLAIMS ACT
### (All Defendants in their Official Capacities)

56.   Plaintiffs repeat and re-allege each and every allegation contained in the preceding and subsequent paragraphs of this Complaint as if fully set forth herein:

57.   Plaintiffs have been significantly exposed to CO.

58.   CO is toxic to the human body.

59.   Plaintiffs were exposed to dangerous levels of CO through the tortious conduct of Defendants.

60.   As a proximate result of their respective exposures, Plaintiffs have suffered an increased risk of contracting serious latent diseases associated with CO exposure relative to the general population.

61.   The increased risk of disease makes it reasonably necessary for Plaintiffs to undergo periodic diagnostic medical examinations different from what would be prescribed in the absence of the exposure.

62.   Monitoring procedures exist that make the early detection of a disease possible.

## COUNT IV – *BIVENS* LIABILITY
### (Prison Employee Defendants)

63.   Plaintiffs repeat and re-allege each and every allegation contained in the preceding and subsequent paragraphs of this Complaint as if fully set forth herein:

64.   "A *Bivens* action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. *See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. at 395-97, 91 S.Ct. at 2004-05; *See also Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending *Bivens* to Eighth

Amendment claims) . . ." *Johnson v. Williams*, 2020 U.S. Dist. LEXIS 219271, 3 (S.D.W. Va. 2020)(some internal citations omitted).

65.     "A *Bivens* action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct." *Johnson* at 3.

66.     "Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under *Bivens* must show the violation of a valid constitutional right by a person acting under color of federal law." *Johnson* at 3.

67.     "The United States Supreme Court has held that an inmate may name a federal officer in an individual capacity as a defendant in alleging an Eighth Amendment constitutional violation pursuant to *Bivens*. *See Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)." *Johnson* at 3.

68.     The Eighth Amendment of the U.S. Constitution prohibits cruel and unusual punishment.

69.     Furthermore, under the Eighth Amendment of the U.S. Constitution, Defendants had a duty to ". . . provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, **and medical care**, and **must 'take reasonable measures to guarantee the safety of the inmates**,' *Hudson v. Palmer*, 468 U.S. 517, 526-527, 82 L. Ed. 2d 393, 104 S. Ct. 3194 (1984)." *Farmer*, 511 U.S. 832 (emphasis added) (some internal citations omitted).

70.     "A prisoner may assert a claim of failure to prevent harm under the Eighth Amendment's cruel and unusual punishment clause [] if he can show that 'he is incarcerated under

conditions posing a substantial risk of serious harm,' and that prison officials act with ''deliberate indifference'' to inmate health and safety.'" *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)(*quoting Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981)). *Brown v. King*, 2011 U.S. Dist. LEXIS 103511, 9 (N.D.W. Va. 2011).

71.     "In *Farmer*, the Supreme Court held that, while it left open the level at which the risk of harm to a prisoner becomes a 'substantial risk of serious harm' (*Id*. at n.3), no prison official can be held liable for 'deliberate indifference' to that risk unless he subjectively 'knows of and disregards' it. *Id*. at 837. In order to possess this level of culpability, 'the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference.' *Id*." *Brown*, at 10.

72.     The Prison Employee Defendants violated Plaintiffs' Eighth Amendment rights by failing to prevent the harm Plaintiffs suffered as a result of the CO leak, failing to remove Plaintiffs from their respective CO contaminated cells for an extended period of time with actual notice of the contamination, and failing to have Plaintiffs medically evaluated and treated for CO poisoning.

73.     The CO leak at issue in this case posed a substantial risk of serious harm to Plaintiffs.

74.     Plaintiffs were incarcerated under the dangerous conditions caused by the CO leak for a prolonged period of time.

75.     The CO leak triggered both audible and strobe alarms.

76.     CO is commonly known to present serious harm that can result in death.

77.     The Prison Employee Defendants were subjectively aware of the alarms and consciously chose to disregard them, even going so far as to disable the audible alarms.

78.     Upon information and belief, the Prison Employee Defendants were subjectively aware of the dangers associated with CO exposure and the dangers associated with the failure to medically evaluate and treat CO poisoning.

79.     Despite their subjective awareness of these dangerous conditions, the Prison Employee Defendants consciously decided to keep Plaintiffs confined to their cells, guaranteeing their continued exposure to CO.

80.     Despite their subjective awareness of these dangerous conditions, the Prison Employee Defendants consciously decided not to provide appropriate medical evaluation and treatment for CO poisoning, guaranteeing Plaintiffs' increased adverse sequela.

81.     In order to make a claim for an Eighth Amendment violation for acting with deliberate indifference to a serious medical condition ". . . the plaintiff must show (1) that the medical need was 'sufficiently serious' that a failure to address the need constitutes a deprivation of ''the minimal civilized measures of life's necessities,'' and (2) that, subjectively, the prison official acted with the required 'culpable state of mind.' *Wilson v. Seiter*, 501 U.S. 294, 297-98, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).

82.     "In order for the medical need of an inmate to be 'sufficiently serious' to rise to the level of an Eighth Amendment violation if not properly treated, it must be 'one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.' *Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990), cert. denied, 500 U.S. 956, 111 S. Ct. 2266, 114 L. Ed. 2d 718 (1991); *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3rd Cir. 1987), cert. denied, 486 U.S. 1006, 108 S. Ct. 1731, 100 L. Ed. 2d 195 (1988)."

83.     "The subjective requirement that prison officials act with a 'sufficiently culpable state of mind,' may be satisfied when a prisoner is able to show deliberate indifference on the part of the defendants. *Wilson*, 501 U.S. at 303. Deliberate indifference is 'something more than mere negligence [but] . . . something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.' *Farmer*, 511 U.S. at 835.

84.     The Prison Employee Defendants violated Plaintiffs' Eighth Amendment rights by acting with deliberate indifference to Plaintiffs' ongoing harm from CO poisoning and serious medical needs resulting from their prolonged exposure to CO.

85.     Plaintiffs' safe housing needs and medical needs resulting from their prolonged CO exposure was sufficiently serious that the Prison Employee Defendants' failure to address those needs constitutes a deprivation of the minimal civilized measures of life's necessities.

86.     During the course of their prolonged CO exposure, Plaintiffs exhibited obvious signs of acute CO poisoning including, but not limited to, headache, nausea, vomiting, dizziness, malaise, fatigue, muscle aches, slowed mentation, and confusion.

87.     These conditions were reported to Defendants and observed by the Prison Employee Defendants.

88.     Despite their subjective awareness of both Plaintiffs' prolonged CO exposure and the manifestation of symptoms consistent with CO exposure, the Prison Employee Defendants acted with the required culpable state of mind in failing to evacuate the Plaintiffs from their CO contaminated cells, procure proper medical evaluation and treatment for Plaintiffs.

89.     The need for safe (uncontaminated) housing and proper medical evaluation and treatment for Plaintiffs' prolonged CO exposure was sufficiently serious to rise to the level of an

Eighth Amendment violation is one so obvious that even a lay person would easily recognize the necessity for a doctor's attention.

90.     The Prison Employee Defendants' sufficiently culpable state of mind is evidenced by the facts that the Prison Employee Defendants were actually aware of: (1) Plaintiffs' prolonged exposure to dangerous levels of CO; (2) Plaintiffs' manifestation of symptoms of CO exposure; and (3) the cursory medical treatment Plaintiffs received.

91.     The Prison Employee Defendants were actually aware of the risk of harm associated with the failure to provide Plaintiffs with proper safe housing and medical evaluation and treatment.

92.     Upon information and belief, the Prison Employee Defendants subjectively assessed Plaintiffs' need for safe housing and proper medical evaluation and treatment as being substantial and serious.

93.     Despite the Prison Employee Defendants' subjective assessment of Plaintiffs' need for safe housing and proper medical evaluation and treatment, the Prison Employee Defendants deliberately disregarded said needs despite their awareness and assessment of the severity of Plaintiffs' prolonged CO exposure.

## COUNT V – *BIVENS* LIABILITY
### (BOP Director and Regional Director)

94.     Plaintiffs repeat and re-allege each and every allegation contained in the preceding and subsequent paragraphs of this Complaint as if fully set forth herein:

95.     The BOP Director and Regional Director violated Plaintiffs' Eighth Amendment rights by failing to prevent the worsening harm Plaintiffs suffered as a result of the CO leak and Plaintiffs' prolonged exposure to CO.

38

96. The BOP Director and the Regional Director were subjectively aware of the CO contamination, Plaintiffs' need for medical evaluation and treatment for CO poisoning and consciously chose to not have Plaintiffs appropriately evaluated or treated.

97. Upon information and belief, the BOP Director and the Regional Director were subjectively aware of the dangers associated with CO exposure and the risks associated with the failure to evaluate or treat Plaintiffs for said harm.

98. Despite their subjective awareness of these dangerous conditions, the BOP Director and the Regional Director consciously decided to not appropriately evaluate or treat Plaintiffs from a medical perspective, guaranteeing Plaintiffs' progressive harm from CO exposure.

99. The BOP Director and the Regional Director violated Plaintiffs' Eighth Amendment rights by acting with deliberate indifference to Plaintiffs' serious medical needs resulting from their prolonged exposure to CO.

100. Plaintiffs' medical needs resulting from their prolonged CO exposure was sufficiently serious that the BOP Director and the Regional Director's failure to address those needs constitutes a deprivation of the minimal civilized measures of life's necessities.

101. Plaintiffs exhibited obvious signs of acute CO poisoning including, but not limited to, headache, nausea, vomiting, dizziness, malaise, fatigue, muscle aches, slowed mentation, and confusion.

102. These conditions were reported to Defendants.

103. Despite their actual awareness of both Plaintiffs' prolonged CO exposure and the manifestation of symptoms consistent with CO exposure, the BOP Director and the Regional Director acted with the required culpable state of mind in failing to procure proper medical evaluation and treatment for Plaintiffs.

104.    The need for proper medical evaluation and treatment for Plaintiffs' prolonged CO exposure was sufficiently serious to rise to the level of an Eighth Amendment violation is one so obvious that even a lay person would easily recognize.

105.    The BOP Director and the Regional Director's sufficiently culpable state of mind is evidenced by the facts that they were actually aware of: (1) Plaintiffs' prolonged exposure to dangerous levels of CO; (2) Plaintiffs' manifestation of symptoms of CO exposure; and (3) the cursory medical evaluation and treatment Plaintiffs received.

106.    The BOP Director and the Regional Director were actually aware of the risk of harm associated with the failure to provide Plaintiffs with proper medical evaluation and treatment.

107.    Upon information and belief, the BOP Director and the Regional Director assessed Plaintiffs' need for proper medical evaluation and treatment as being substantial and serious.

108.    Despite their assessment of Plaintiffs' need for proper medical evaluation and treatment, the BOP Director and the Regional Director deliberately disregarded said awareness and assessment of the severity of Plaintiffs' prolonged CO exposure.

## Relief Requested

109.    Plaintiffs repeat and re-allege each and every allegation contained in the preceding and subsequent paragraphs of this Complaint as if fully set forth herein:

WHEREFORE, Plaintiffs each demand judgment against Defendants jointly and severally for $10,000,000.00 in money damages for the following losses:

(1)    Medical and hospital bills for diagnostic and preventative treatment and therapies and for treatment of injuries, both past and future;

(2)    Physical injuries, both temporary and permanent;

(3)    Severe and significant emotional distress, and mental pain and suffering, both temporary and permanent;

(4)     Fear, humiliation, and embarrassment, past and future;

(5)     Annoyance and inconvenience, past and future;

(6)     Loss of physical health and well-being, past and future;

(7)     Loss of enjoyment of life, past and future;

(8)     Disability;

(9)     Compensatory damages;

(10)    Punitive and exemplary damages (against the Prison Employee Defendants only);

(11)    Civil penalties; and

(12)    Such other and further relief as justice requires.

## V. Jury Demand

Plaintiffs hereby demand a trial by jury upon all issues raised herein triable by jury.


**PLAINTIFFS,**

**By Counsel:**

/s/ *William H. Murphy*
William H. Murphy, Jr. (07985)

/s/ *Andrew K. O'Connell*
Andrew K. O'Connell (26168)

/s/ *Ronald E. Richardson*
Ronald E. Richardson (04673)
**Murphy, Falcon & Murphy**
One South Street, 30th Floor
Baltimore, MD 21202
andrew.oconnell@murphyfalcon.com
ronald.richardson@murphyfalcon.com
Telephone: (410) 951-8744
Facsimile: (410) 539-6599

and

Scott S. Segal, Esq. (WV Bar #4717) (*pro hac vice* admission pending)
Jason P. Foster, Esq. (WV Bar #10593) (*pro hac vice* admission pending)
C. Edward Amos, II, Esq. (WV Bar #12362) (*pro hac vice* admission pending)
**THE SEGAL LAW FIRM**
A Legal Corporation
810 Kanawha Boulevard, East
Charleston, West Virginia 25301
Telephone: (304) 344-9100
Facsimile: (304) 344-9105